# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SCOTT SMITH, | : | Civil No. 1:21-CV-1222 |
| Petitioner, | : | |
| v. | : | |
| FRANKLIN COUNTY COURT OF COMMON PLEAS, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Self-represented Petitioner Michael Scott Smith, a pretrial detainee housed at the Franklin County Prison in Chambersburg, Pennsylvania, has petitioned for a writ of habeas corpus under 28 U.S.C. § 2241 seeking his release from custody and the cessation of ongoing state criminal proceedings in the Court of Common Pleas of Franklin County, Pennsylvania. (Doc. 1.) Petitioner seeks leave to proceed *in forma pauperis*. (Doc. 2.)

The petition has been given preliminary consideration and, for the reasons that follow, will be dismissed without prejudice because there continues to be two ongoing state court criminal proceedings. *See* Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. § 28 U.S.C. foll. § 2254.[1]

---

[1] Rule 4 states in pertinent part that: "The clerk must promptly forward the petition to a judge … and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Rule 1(b) permits application of these rules to habeas corpus petitions pursuant to 28 U.S.C. § 2241.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Smith is presently confined at the Franklin County Prison. (Doc. 1.) There are currently two active Franklin County Court of Common Pleas cases against Smith:[2] (1) *Commonwealth v. Smith*, CP-28-CR-0000448-2021 (Franklin Cnty. C.C.P.) (obstruction admin Law/Other Gov't Func); and (2) *Commonwealth v. Smith*, CP-28-CR-0000449-2021 (Franklin Cnty. C.C.P.) (possession of firearm prohibited). Smith is represented by counsel and has had bail hearings in both matters. He was scheduled to proceed to trial in March 2021, however that date was continued to March 7, 2022. (*Id.*)

Smith filed the instant petition on July 12, 2021. (Doc. 1.) In his petition he argues he is being held in violation of U.S. Const. amend. XIV, § 3, which disqualifies an individual from holding a state or federal office if they have "engaged in insurrection or rebellion against" the United States absent two-thirds consent of Congress. (Doc. 1, p. 6.)[3] Next, Smith claims the Franklin Country proceedings violate the Fifth Amendment's Double Jeopardy clause. (*Id.*) Finally, he asserts the "Franklin County Court is violating a free person who has not taken an oath to support [the] Constitution" and is detaining him to "coerce and extort[ ]"

---

[2] The court takes judicial notice of Petitioner's state court criminal dockets available through Pennsylvania's Unified Judicial Docket System at https://ujsportal.pacourts.us/ (last visited on Jan. 9, 2022).

[3] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

2

him to gain a conviction. (*Id.*) The petitioner is seeking to have the court immediately release him and to hold the prosecuting authority "criminally responsible." (*Id.*, p. 7.)

## JURISDICTION

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3); *see also Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir. 1975). Federal courts have jurisdiction pursuant to 28 U.S.C. § 2241 to issue the writ before a judgment is rendered in state criminal proceedings. *Id.* at 441–42; *see also Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (stating "[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotation marks and citations omitted). As Smith is a pretrial detainee asserting a constitutional challenge to his detention, the matter is appropriately considered a petition pursuant to 28 U.S.C. § 2241. *Paladino v. King*, 247 F. App'x 393, 394 (3d Cir. 2007).

## DISCUSSION

Although § 2241 may be an available avenue of relief for Smith to challenge his pretrial detention, principles of comity dictate that absent unusual circumstances, a federal court is not to intervene in ongoing state court proceedings

unless "irreparable injury" is both "great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971).  Under *Younger*, federal courts must abstain from exercising jurisdiction when the following conditions are met:  "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010).  However, *Younger* abstention is not appropriate when "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute". *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).  These exceptions are to be narrowly construed. *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991).  Moreover, it is well established that when a petitioner seeks to "challenge the charges against him," he should "do so through pretrial motions in his criminal case, not via a pretrial § 2241 petition." *Reese v. Warden Phila. FDC*, 904 F.3d 244, 247 (3d Cir. 2018).

Even liberally construing the petition in this case, as is appropriate since Smith is self-represented, it appears that all three *Younger* conditions are met.  It is evident from the state court electronic docket sheets and contents of the habeas petition that Smith is engaged in ongoing criminal proceedings which implicate important state interests and he is actively engaged in defense of those

proceedings. Both matters are presently scheduled for trial in March 2022. Because there is relief available at the state court level, there is an absence of extraordinary circumstances that would warrant intervention by this court. Thus, out of deference to the state court judicial process, it is appropriate to abstain from entertaining this petition. Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending the completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992).

## DISCUSSION

For the reasons set forth above, the court will grant Smith's motion to proceed *in forma pauperis*, Doc. 2, but dismiss the petition for writ of habeas corpus without prejudice, Doc. 1. An appropriate order will issue.

Dated: January 10, 2022

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania